STATE OF CONNECTICUT *v.* JOHN A. DARNELL III

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 10-12972

Argued April 6—decided June 17, 1964

*John A. Darnell III,* pro se, the appellant (defendant).

*Harold B. Dean,* assistant prosecuting attorney, for the appellee (state).

DEARINGTON, J. The defendant was convicted of operating a motor vehicle with (1) defective brakes and (2) defective lights and has appealed. The case was assigned for hearing before this court on February 10, 1964. The defendant failed to appear but the court was informed that he had called the clerk

and requested a court continuance. At that time the state moved to dismiss the appeal for the reason that the defendant had failed to comply with certain statutory requirements. The motion was denied. The case was then continued to April 6, 1964, at which time the defendant appeared and argued. No finding appears in the record and no briefs were filed. The defendant has, however, filed a document which we have treated as a brief and in which he has assigned error in the court's refusal to dismiss the charges because the state failed to produce a witness alleged to be the arresting officer. He further contends that the court erred because it acted in contravention of certain precedents handed down by the United States Supreme Court. In this respect he refers to the transcript, which, however, does not appear in the record. He also complains that the bail was excessive and unconstitutional.

So that we may have a better understanding of the claims we have in deference to the defendant departed from our rules (Practice Book, 1963, § 962) and on our own motion ordered a transcript.

The evidence indicates that a member of the New London police department, appearing as a witness, testified that he arrested the defendant on June 27, 1963, at 2:40 a.m. At that time the defendant's vehicle had no light on its rear registration plate, and a testing of the emergency brake demonstrated it would not hold. The transcript further reveals that the defendant cross-examined this witness. Later, the defendant testified directly that there was no bulb in his taillight and further that after his apprehension he did apply his hand brake and "[w]hen I did pull it, I found myself going backward on the incline."

The transcript further reveals that the court was most considerate and patient in allowing the defend-

ant to present his defense, although the defendant transgressed many rules of evidence and otherwise violated proper court procedure. As a result of our examination of the evidence, we cannot hold that the court committed error in its conclusion that the defendant was guilty as charged beyond a reasonable doubt.

There is no error.

In this opinion KOSICKI and KINMONTH, Js., concurred.